## CHANDLER *vs.* BUNN.

A. gave B. a chattel mortgage in which both parties were described as of the town of Mexico, Oswego county. The mortgage was assigned to plaintiff and filed in the clerk's office of the town of Oswego. *Held*, in trover by the plaintiff against a sheriff who had levied on the article mortgaged under an execution against the mortgagor, that the recital in the mortgage did not estop plaintiff from showing, as against judgment creditors, that the mortgagor in point of fact resided in the town of Oswego at the time of the execution of the mortgage. (a)

THIS was an action of trover for a canal boat. The plaintiff claimed title through a mortgage dated 22d September, 1841, made by R. S. Dickinson to James A. Baker, both, as described in the instrument, of the *town of Mexico*, Oswego county. It was given to secure the payment of $535, in instalments, for work and labor done, &c., in building the boat upon which the mortgage was given, and was assigned to the plaintiff October 1, 1841, and filed in the clerk's office of the town of Oswego, the 4th of same month. The mortgagor was to continue in possession until default in payment. The defendant was sheriff of Montgomery county, and levied on the boat by virtue of an execution in favor of Shaw & Herrington against R. S. Dickinson, the mortgagor.

---

(a) In trespass for personal property, the defendant claimed under a chattel mortgage which had been filed in a town clerk's office, but there was no evidence as to the residence of the mortgagor when it was executed. The mortgage was held void against the plaintiff, a subsequent purchaser on execution of the same property, for want of proof that it was filed in the proper clerk's office. *Smith* v. *Jenks*, 1 Den., 480.

The plaintiff offered to prove that R. S. Dickinson, in point of fact, resided in the town of Oswego at the time of the execution of the mortgage, which proof, on being objected to, was excluded by the judge on the ground that the plaintiff was estopped by the recital in the mortgage as against the judgment creditor, and he held the security void for the reason it was not filed in the proper office. Verdict for defendant, and the plaintiff moves for a new trial on a bill of exceptions.

*By the Court*, NELSON, Ch. J. The statute requires the mortgage to be filed in the town where the mortgagor resides at the time of the execution. (2 R. S. 136, § 10.) The fact of the place of residence controls the place of filing, not the recital of it in the instrument; that seems to be of no importance, and might for the matter of the security be omitted altogether. The learned judge, therefore, gave too much consideration to the circumstance; especially in holding that the plaintiff was estopped from showing the truth, against the recital. It certainly did not work a technical estoppel upon him under any rule of evidence; in order to this, generally speaking, it must be mutual, and bind both parties. Now there is no pretence for saying the judgment creditors would be estopped, if material to their rights, from showing the truth on the trial.

Besides, it is not the recital of the mortgagee, but of the mortgagor, as he is the only party executing the instrument.

In any view of the case, it seems to me the learned judge erred, and that a new trial should be granted.

New trial granted.